**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 16 CR 10-2 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve, Judge |
| DARRYL SARGENT | ) | |

### DEFENDANT SARGENT'S MOTIONS *IN LIMINE*

Defendant, DARRYL SARGENT by and through his attorney, Gregory T. Mitchell, and pursuant to the Federal Rules of Evidence, respectfully moves this Court, *in limine*, to enter appropriate instructions and orders precluding the Government and witnesses from adducing at trial testimony or evidence relating to or making any references to the following:

### MOTION *IN LIMINE* NO. 1

### DEFENDANT'S MOTION IN LIMINE TO BAR NON-PARTY WITNESSES FROM THE COURTROOM

Defendants move this court to exclude all witnesses (other than the parties)' from the courtroom during the opening statements and testimony of any and all other witnesses, pursuant to Fed. R. Evid. 615. Such witnesses shall include all those people the Government intends, expects, or considers calling as a witness.

### MOTION *IN LIMINE* NO.2

### DEFENDANT'S MOTION *IN LIMINE* TO BAR ANY TESTIMONY FROM ANY LAW ENFORCEMENT WITNESS REGARDING THE FBI'S INVESTIGATION OF THE DECEMBER 31, 2014 BANK ROBBERY OF COMMUNITY BANK IN OAK PARK, ILLINOIS

Defendant believes that the Government may attempt to solicit testimony from law

1

enforcement officials and evidence technicians regarding the December 31, 2014, of the Community Bank in Oak Park, in an effort to link defendant SARGENT to this bank robbery, as possibly identity, preparation, plan, and/or knowledge.

Specifically, on January 12, 2016, FBI Special Agent Amanda E. Becker signed an Affidavit in support of a criminal complaint in case number 16 CR 12, alleging defendant Sargent committed the bank robbery charged in Count Six on this indictment. The criminal complaint alleged that defendant Sargent was a member of a crew of individuals who had committed six bank robberies between December 31, 2014, December 31, 2015. FBI Special Agent Becker, then stated that "the charged robbery discussed below is one in a series of bank robberies that the FBI is investigating. The first of the alleged "six bank robberies" identified in the affidavit was the "December 31, 2014, Robbery of the Community Bank in Oak Park, Illinois." Defendant Sargent, however, has not been charged with this alleged bank robbery as part of this indictment, therefore any testimony from any law enforcement officer directly regarding the December 31, 2014, bank robbery, or indirectly referencing information about this bank robbery at trial would be improper evidence, pursuant to Fed. R. Evid. 404(b) and 403.

Rule 404(b) expressly bars the admission of evidence of other acts, if such evidence is directed toward establishing defendant's propensity to commit the act charged. Accordingly, soliciting any evidence regarding the December 31, 2014, bank robbery of the Community Bank in Oak Park would be improper since defendant Sargent was never positively identified as the person who robbed the Community Bank in Oak Park on December 31, 2014. The fact that FBI Special Agent Becker attempted to link defendant Sargent to this bank robbery after she "viewed still images and bank video from the bank robbery" this opinion is not sufficient to support any exception under Rule 404(b)(2) identify, plan, opportunity or knowledge. Moreover, even if there

were some probative value in admitting any evidence concerning the December 31, 2014, bank robbery or evidence gathered incident to the investigation of this bank robbery, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice and create confusion to the jury. Fed. R. Evid. 403.   Accordingly, defendant respectfully request that the Government be prohibited from eliciting any testimony or information from any law enforcement witness concerning its investigation of the December 31, 2014, bank robbery of the Community Bank in Oak Park.

## **MOTION *IN LIMINE* NO.3**

### **DEFENDANT'S MOTION *IN LIMINE* TO BAR ANY TESTIMONY FROM ANY WITNESS REGARDING THE DECEMBER 31, 2014 BANK ROBBERY OF COMMUNITY BANK IN OAK PARK, ILLINOIS**

Defendant believes that the Government may attempt to solicit testimony from co-defendant Moe Lyman regarding defendant Sargent's admissions and statement that he committed the December 31, 2014, bank robbery of the Community Bank in Oak Park. Specifically, the Government may attempt to elicit testimony from Moe Lyman that, sometime before July 2015, and after he was released from prison in May 2015, he had a conversation with Darryl Sargent while walking down the street.   In this conversation, Sargent made statements about how to commit a bank robbery and admitted that he had robbed the Community Bank on Lake Street ""before" and that Sargent told him that there was "no security there."   Lyman further stated that Sargent described "how to do it," and also stated that Sargent told him "about the stairs and the apartment complex, which you can disappear in because how it is set up." Lyman further stated that Sargent told him "it would be more believable if he had a gun."   These alleged statements made by Darryl Sargent are clearly hearsay as defined pursuant to Fed. R. Evid.   803, but the government may argue that statements are nonetheless not excludable pursuant to Fed. R.

Evid. 804(b)(3) as a statement against interest.

Rule 804(b)(3) states, in part, that: The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: ... (3) A statement which was at the time of its making ... so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement without believing it to be true.

In order for this hearsay exception to apply, (1) the declarant must be unavailable to testify at trial, (2) the statement must be against the declarant's penal interest, (3) and corroborating circumstances must exist which indicate that the statement(s) are trustworthy and reliable. See *Varela v. U.S.*, 364 F.Supp.2d 720 (N.D. Ill., 2005), citing *United States v. Shukri*, 207 F.3d 412, 416 (7th Cir.2000); *American Auto. Accessories, Inc. v. Fishman*, 175 F.3d 534, 540 (7th Cir.1999).

In this case, there are insufficient corroborating circumstances to indicate that the statements and admissions allegedly made by Darryl Sargent to Lyman are trustworthy and reliable. Lyman admitted that he was not a good friend of Darryl Sargent and that he did not believe Sargent. Additionally, Sargent was never identified as the bank robber by any teller and no line-up was ever shown to any teller.

Moreover, Rule 404(b), but expressly bars the admission of evidence of other acts, if such evidence is directed toward establishing defendant's propensity to commit the act charged. While that government will likely argue the evidence is not being introduced to establish propensity that is exactly what will occur in light of the conspiracy charge and Counts Five, Six and Seven. This testimony should therefore be prohibited pursuant to Fed. R. Evid. 403, because the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. See *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014). Gomez

requires courts to look beyond merely the articulation of a plausible, non-propensity purpose (such as to show knowledge, intent or identity) before admitting other acts evidence, and determine whether the "chain of reasoning" that makes the evidence relevant relies on a propensity-based rationale. Under the *Gomez* approach, the Court:

(1) Determines whether evidence is relevant pursuant to Rule 401 and 402. The proponent of the evidence must be able to show that the evidence is relevant not just on any theory, but why it is relevant when taken for the particular purpose for which it is offered. *See id.at* 855 ("The proponent of other-act evidence should address its relevance directly, without the straightjacket of an artificial checklist").

(2) Determines whether the purpose for which the evidence is being offered is permissible under 404(b). It is not sufficient for the proponent of the evidence "simply point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it." *Id*.at 856. Rather, a court will ask whether "the evidence is relevant without relying on a propensity inference." *Id*. This means that the proponent of the evidence, or at least the court, must be able to identify a "propensity-free chain of reasoning" by which the evidence can be deemed relevant. *Id*. (citing *U.S. v. Lee*, 724 F.3d 968, 978 (7th Cir.2013)).

(3) Determines whether the evidence is not substantially more prejudicial than probative. Thus, Rule 403 acts as a final check that excludes slightly probative evidence whose main effect will be the inflammation of the jury's passions rather than the illumination of their fact-finding. *See Gomez* at 845 (explaining that Rule 403 excludes "other-act evidence that may be slightly probative through a

5

non-propensity theory but has a high likelihood of creating unfair prejudice by leading a jury to draw conclusions based on propensity").

*Gomez* requires a proponent of other-act evidence first to lay out *in detail* the inferential chain by which offered evidence makes a material fact more or less likely; next, to show that this chain of inference does not necessarily entail a forbidden propensity inference; and finally, to argue persuasively that this chain of inference does not have a "high likelihood" of nonetheless eliciting forbidden inferences that the evidence could also support. A detailed enumeration of the links along the inferential chain is critical because "[s]potting a hidden propensity inference is not always easy." *Gomez*, 763 F.3d at 856. *See United States v. Miller*, 673 F.3d 688, 699 (7th Cir.2012) ("Had the court asked more specifically how the prior conviction tended to show intent eight years later, it would have recognized that it was dealing with propensity evidence all the way down"); *Lee*, 724 F.3d at 978 ("When one looks beyond the purposes for which the evidence is being offered and considers what inferences the jury is being asked to draw from that evidence, and by what chain of logic, it will sometimes become clear ... that despite the label, the jury is essentially being asked to rely on the evidence as proof of the defendant's propensity to commit the charged offense").

## MOTION *IN LIMINE* NO.4

### DEFENDANT'S MOTION *IN LIMINE* TO BAR ANY COMMENT ON DEFENDANT'S FAILURE TO CALL WITNESSES OR PRODUCE EVIDENCE

The Government may attempt to convey to the jury that by choosing not to call a particular witness or present evidence, defendant Sargent is untrustworthy and should not be believed. Whether or not defendant Sargent chooses not to call a particular witness, the Government should not be permitted to argue, infer or assert that the failure to call a particular witness or a series of

6

witnesses is a fact that reflects that no such witness exists. Defendant Sargent is under no obligation to put on evidence in his defense, and any argument or implication to the contrary would be improper.

## MOTION *IN LIMINE* NO.5

### DEFENDANT'S MOTION *IN LIMINE* TO BAR ANY COMMENT, TESTIMONY OR EVIDENCE IDENTIFYING OR REGARDING VICTOR SARGENT

The Government may attempt to introduce evidence (recorded phone conversations) between defendant Sargent and his brother, Victor Sargent, wherein the government contends and Darryl Sargent and Victor Sargent discussed the sharing of the monetary proceeds received by Darryl Sargent after at least one bank robbery that had been committed by Sargent. The Government contends Darryl Sargent and Victor Sargent used coded language and code words, such as "lottery tickets" to discuss the stolen money received following a bank robbery.

Defendant respectfully moves to bar any tape recorded conversation between Darryl Sargent and Victor Sargent as inadmissible hearsay, Fed. R. Evid 803. There is no arguable hearsay exception. Moreover, the government can produce no competent expert witness to interpret the alleged "coded language and words" allegedly being used by Darryl Sargent and Victor Sargent during these conversations. Accordingly, even if the government were to present a competent expert witness to interpret this alleged coded language making the evidence arguably relevant, the evidence should not be admitted and excluded pursuant to Fed. R. Evid. 403, because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the jury and because the relevance would be misleading.

7

## MOTIONS *IN LIMINE* NO. 6

### DEFENDANT'S MOTION *IN LIMINE* TO BAR TESTIMONY FROM REGARDING DARRYL SARGENT VISITING OR GAMBLING AT ANY CASINO

The Government may attempt to introduce, through the testimony of co-defendant Moe Lyman or others, that defendant Sargent visited and/or gambled at casinos during the time of the conspiracy or after a particular bank robbery. Testimony about Darryl Sargent visiting or gambling at casinos during 2015 is not relevant evidence and therefore not admissible. To be relevant, evidence must tend to make more or less likely some fact that "is of consequence in determining the action." Fed. R. Evid. 401. Whether Darryl Sargent visited or gambled at casinos during 2015, is of no consequence to whether he committed the alleged bank robberies charges in the indictment.


WHEREFORE, the Defendant Sargent respectfully requests that this Court instruct the Government and its witnesses, through counsel, not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any evidence, physical evidence concerning, or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter as stated above, and that each counsel be instructed to warn and caution each and every witness under their control appearing in this litigation to strictly comply with the ruling of this Court.

Respectfully Submitted,

*Gregory T. Mitchell*
Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 100
Homewood, Illinois 60430
(708) 799-9325
Mitchlaw00@comcast.net

8